UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
SAUNDRA V. WHITE,

                                    Plaintiff,

                                                                         5:07-CV-1286

           v.                                                        (NPM)(GHL)

ST. JOSEPH'S HOSPITAL, *et al.,*

                                    Defendants.
--------------------------------------------------------------------------
APPEARANCES:

SAUNDRA V. WHITE
Plaintiff, *pro se*

NEAL P. MCCURN, SENIOR U.S. DISTRICT JUDGE

## **DECISION and ORDER**

      Presently before the Court is an amended complaint filed by plaintiff Saundra White. Dkt. No. 9. The amended complaint was filed pursuant to this Court's January 16, 2008 Order. Dkt. No. 5.

**A.    Background.**

      This action was filed on January 10, 2008. The original complaint named 14 defendants, including local hospitals and their administrators, nursing homes, a cemetery, a medical laboratory, as well as Onondaga County, the City of Syracuse, the Governor's office, and the Untied States of America. Dkt. No. 1. The complaint also listed "unknown defendants."

      On January 16, 2008 this Court issued an Order that granted plaintiff leave to proceed with this action *in forma pauperis*, and directed plaintiff to file an amended

complaint.[1]  The January Order advised plaintiff that:

> ... while plaintiff has named fourteen defendants, she has not set forth specific allegations against any defendant.  Moreover, it is not clear how many of the alleged defendants have any connection to the events contained in the complaint, or that they are subject to suit pursuant to 42 U.S.C. §1983.
>
> Plaintiff has previously been advised of the need to set forth specific factual allegations regarding the personal involvement of every defendant named in her complaint.  *See*, *White v. Wackenhut Security Contractor,* 5:07-CV-0349, Dkt. No. 4.  In this regard, plaintiff is also reminded that the law in this Circuit clearly provides that "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning."  *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (other citations omitted)); *Pourzandvakil v. Humphry*, 94-CV-1594, 1995 U.S.Dist. LEXIS 7136, *24-25 (N.D.N.Y. May 22, 1995) (Pooler, J.) (citation omitted). Dkt. No. 5.
>
> The Court further instructed that:
>
> In any amended complaint plaintiff may file, she must set forth all alleged wrongful acts of each defendant that give rise to her claims.  When re-drafting her complaint, plaintiff must clearly set forth the <u>facts</u>, including the wrongful acts that give rise to the claim, the dates, times and places of the alleged acts, and the individual(s) who committed each alleged wrongful act.  *Id.*

The January Order also advised plaintiff regarding the three year statute of limitations applicable to cases brought pursuant to 42 U.S.C. §1983.

## B.     Plaintiff's Amended Complaint.

Plaintiff's amended complaint names no specific defendant.  Rather, she lists each defendant as "unknown."  In the body of the complaint plaintiff refers generically to "the defendants" or "they."  Thus, the Court is unable to determine if any of the

---

[1] Plaintiff was granted two extensions of time between the Court's January Order and the filing of her amended complaint.  Dkt. No. 8.

defendants are subject to suit pursuant to 42 U.S.C. §1983. In addition to not alleging who took the actions, plaintiff never alleges a date when any of the actions were taken. As a result, the Court is unable to ascertain whether plaintiff's claims are timely. Further, with respect to the acts complained of, plaintiff sets forth the allegations in a most conclusory fashion and gives the Court no insight into the alleged wrongful conduct that plaintiff is attempting to assert. Finally, plaintiff never states where any of the alleged events occurred, making if impossible for the Court to determine whether this action is properly before it.

Based upon the amended complaint presently before this Court, the Court can not determine that plaintiff has set forth any valid claim against any individual or entity that is subject to suit in this Court pursuant to 42 U.S.C. §1983. Plaintiff has been advised, in great detail, in a number of her other actions in this Court regarding the need to plead sufficient information to show that she is entitled to proceed with her claims against the defendants named in her complaint.[2] Plaintiff has failed to comply with the directives from this Court in her amended complaint.

Accordingly, this action will be dismissed for failure to state a claim upon which relief may be granted.

WHEREFORE, it is hereby

ORDERED, that pursuant to 28 U.S.C. §1915 (e)(2)(B)(ii) this action is dismissed, without prejudice, for failure to state a claim upon which relief may be granted, and it is further

---

[2] White has filed five other *pro se* actions in the Northern District of New York. *See White v. Monarch Pharmaceuticals, Inc.*, 07-CV-585, *White v. Wackenhut Security Contractor,* 07-CV-0349, *White v. Verizon*, 06-CV-617, *White v. United States*, 07-CV-586, and, *White v. Bell Atlantic Corp.,* 00-CV-1220.

ORDERED, that the Clerk serve a copy of this Decision and Order on White by regular mail.

**It is hereby certified that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).**

IT IS SO ORDERED.

Dated: May 6, 2008
Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge